IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SYLVESTER L. EVANS, JR. | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:20cv32-HSO-JCG |
| | § | |
| | § | |
| JENNIFER M. LAVALLAIS, *et al.* | § | DEFENDANTS |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court sua sponte.   Pro se Plaintiff Sylvester L.
Evans, Jr. initiated this action on January 24, 2020, and he is proceeding *in forma
pauperis* ("IFP").   For the reasons that follow, the Court will dismiss this action
without prejudice for lack of subject-matter jurisdiction, for failure to prosecute, and
for failure to obey the Orders of the Court.

## I.   BACKGROUND

Plaintiff's Complaint purports to invoke federal question jurisdiction and
names as Defendants Jennifer M. Lavallais and Wendy Belt.   *See* Compl. [1] at 1-3.
According to the Complaint, the grounds for the existence of federal question
jurisdiction are "Peace and Friendship Treaty/Breaches of my rights and privilege
which I'm entitled to."   *Id.* at 3.   Plaintiff claims that there have been "[n]umerous
[b]reaches of contract."   *Id.* at 4.   Where the form Complaint for a Civil Case
requests that he provide a short and plain statement of his claim, Plaintiff alleges
only that "[t]he facts are in civil case 24012 out of St. James Parish, La."   *Id.*

On April 6, 2020, the Magistrate Judge entered an Order [3] provisionally granting Plaintiff's application to proceed IFP but noted that it was unclear from the Complaint whether the Court possessed subject-matter jurisdiction and whether Plaintiff had stated a plausible claim against Defendants.   The Magistrate Judge directed Plaintiff to file an amended Complaint on or before April 29, 2020, which specified the basis for the Court's subject-matter jurisdiction and stated sufficient facts to support a plausible claim for relief, and which provided addresses for service of process upon Defendants.   *See* Order [3] at 3.   The Magistrate Judge advised Plaintiff that "it is his responsibility to prosecute this case and his failure to abide by the Court's orders or advise the Court of a change in address may result in dismissal for failure to prosecute."   *Id.*

The Order [3] was mailed to Plaintiff via the United States Postal Service at the address of record he had provided to the Court, but the envelope containing the Order [3] was returned as undeliverable.   *See* Returned Envelope [4] at 1.   On May 8, 2020, the Magistrate Judge entered an Order [5] to Show Cause.   The Magistrate Judge directed that, on or before June 1, 2020, Plaintiff file an amended complaint that specified the basis of this Court's jurisdiction and provided sufficient factual details to state a plausible claim for relief, and that Plaintiff supply the Defendants' addresses for service of process.   The Magistrate Judge also required Plaintiff to show cause in writing why this case should not be dismissed for failure to abide by the Court's Orders.   Order [5] at 2.   The Order [5] to Show Cause was mailed to Plaintiff and has not been returned.   To date, Evans has not responded,

2

provided a change of address, or otherwise communicated with the Court since he
filed his Complaint.

## II.   DISCUSSION

Federal courts have an independent obligation to determine whether subject-
matter jurisdiction exists.   *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946
F.3d 742, 749 (5th Cir. 2020).   Federal courts are courts of limited jurisdiction and
must presume that a suit lies outside their limited jurisdiction.   *See Gonzalez v.
Limon*, 926 F.3d 186, 188 (5th Cir. 2019).   As the party invoking federal subject-
matter jurisdiction, Plaintiff bears the burden of establishing its existence.   *See
United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017).

In this case, Plaintiff asserts that the Court has federal question jurisdiction
pursuant to 28 U.S.C. § 1331.   *See* Compl. [1] at 3.   Under § 1331, "[t]he district
courts shall have original jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.

While the Complaint refers to a "Friendship Treaty," it is unclear to which
treaty Plaintiff is referring and whether his claims arise under any treaty of the
United States.   *See id.*; *see also, e.g., Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 125
(2d Cir. 2020) (discussing the 1951 Treaty of Friendship, Commerce and Navigation
between the United States and Israel and finding that it did not confer federal
jurisdiction in that case); *Jungil Lee v. ANC Car Rental Corp.*, 220 F. App'x 493, 495
(9th Cir. 2007) (considering the 1956 Treaty of Friendship, Commerce and
Navigation between the United States and Korea and holding it did not confer

original jurisdiction on federal courts).   As the Magistrate Judge stated in his Order [3], Plaintiff has provided no information about this treaty or how any of Defendants' actions are related to it.   Nor has Plaintiff responded to the Magistrate Judge's Orders seeking additional information on his claims.   Based upon the record, Plaintiff has not carried his burden of establishing the existence of federal subject-matter jurisdiction.   This case should be dismissed without prejudice for lack of subject-matter jurisdiction.

Moreover, the Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte.   *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).   The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.   Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.   *Id.* at 629-30.

The Court warned Evans that failure to comply with its Orders or to keep the Court apprised of his address may lead to the dismissal of the Complaint.   *See* Order [3] at 3.   Plaintiff has failed to comply with two Court Orders and has not kept his address updated.   It is apparent from Plaintiff's failure to comply with the Court's Orders that he lacks interest in pursuing this case.

III.   <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is

**DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction, for

failure to prosecute, and for failure to obey Orders of the Court.    A separate final

judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of June, 2020.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

5